## No. 10,682.

## HOME INSURANCE COMPANY OF NEW YORK *v.* GAINES.

Decided July 2, 1923.   Rehearing denied October 1, 1923.

Action on fire insurance policy.   Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.   INSURANCE—*Apportionment of Loss.*   Where a fire insurance policy provided that the company should not be liable for a greater proportion of the loss "than the amount insured shall bear to the whole insurance, whether valid or not," and it appeared that a part of the property, through error, was covered by a policy in another company, it is held that if the second policy was merely valid or invalid, the loss must be apportioned; but if it was in fact no policy, it would not come within the language of the pro-rating clause.

2.   WORDS AND PHRASES—*"Invalid"* does not necessarily mean an absolute nullity.   It is often applied to contracts which are merely unenforceable for some imperfection.

3.      *"Validity"* is more than regularity, it implies legal sufficiency.

.4.   INSURANCE—*Void Policy.*   An insurance policy, concerning the subject matter of which the minds of the parties never met, is void.

5.      *Parties to Action.*   Where property was insured by one company and through an error part of the same property was covered by a policy in another company, in an action to recover on the first policy, the company writing the second policy is held not a party in interest.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. H. L. LUBERS, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there. Plaintiff brought this action to recover on a fire insurance policy, and to review a judgment in his favor this writ is prosecuted, and defendant asks that it be made a supersedeas.

Plaintiff owned lots 1, 2, 3, 4 and 4½ fronting east on Carson avenue in the city of Las Animas. These were bounded by a street on the north and an alley on the south. The total extension of the property north and south was approximately 130 feet and the extension east and west 75 feet. Lot 1 was on the northeast corner and lot 4½ on the southeast corner. The building, a portion of which was covered by this policy, extended practically across all of the lots and faced Carson avenue on the east. That portion of the building on lots 1 and 2 was covered by a policy of the London Assurance Corporation, and that portion on lots 4 and 4½ by defendant's policy here in question. Each of these policies contained a pro-rating clause, providing that the company should not be liable for a greater proportion of loss "than the amount hereby insured shall bear to the whole insurance, *whether valid or not.*" Through an error of the agent of the London Company its policy described the property covered thereby as extending 100 feet south instead of 55 feet, thus making these policies lap on lot 4. The trial court found the error, the evidence of which is in our opinion overwhelming and conclusive. The only question here necessary to consider is defendant's contention that the language "whether valid or not" requires an apportionment of the loss on lot 4. Regardless of the ease with which a satisfactory answer may be given, the question itself is a simple one. If the London Company's policy, so far as it related to the property on lot 4, was "valid" the loss must, of course, be apportioned. If it was merely "not valid," or "invalid," or lacking the element of "validity" (equivalent expressions), and was yet a policy, the loss must be apportioned. If it was in fact no policy as applied to said property, it does not come within the language of the prorating clause.

The word "invalid" does not necessarily mean an absolute nullity. It is often applied to contracts which are merely unenforceable for some imperfection. *Jones v. Bank of Cumming,* 131 Ga. 614, 623, 63 S. E. 36.

Validity is more than regularity. It implies legal sufficiency. *Sharpleigh, et.al. v. Surdam, et al.* (U. S.) 21 Fed. Cas. 1173, 1178. Hence "invalidity" may be applied to a contract which, though regular, is insufficient in law or equity. Thus interpreted, the term would be improperly applied to an instrument which was in fact no contract, concerning the subject-matter of which the minds of the parties never met, one absolutely void. Such, it seems to us, is the London policy so far as the property on lot 4 is concerned. It is as nonexistent, as to this controversy, as though ordered and paid for by a stranger and kept in his possession without plaintiff's knowledge.

Prior to the trial of this cause plaintiff had settled with the London Company for the loss on lots 1 and 2, waiving all claims against it for the loss on lot 4. Defendant insists that the company was the real party in interest and should have appeared herein. We think there is no merit in the contention. Neither of these companies could possibly have a claim against the other, and the presence of the London Company as a party hereto could neither aid nor impede the settlement of the question at issue between plaintiff and defendant.

For the foregoing reasons the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.